ISADORE ANGEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11045. Promulgated November 9, 1929.

*F. E. Hagler, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRAMMELL: In his petition the petitioner alleges that his gross bank deposits should be reduced by a further amount of $4,341.90, representing money withdrawn for cashing customers' checks and redeposited. In his brief the petitioner contends that his gross bank deposits should be reduced by $16,854.50 instead of by $12,450, the amount by which the respondent reduced the deposits. The amount contended for in the petitioner's brief is $62.60 in excess of that alleged in the petition.

In support of his contention for an amount in excess of that allowed by the respondent, the petitioner submitted his check or voucher register for 1921 in addition to oral testimony, including that of himself. The petitioner's oral testimony in connection with his register clearly shows that $7,800 of the deposits made by him in 1921 represent amounts previously withdrawn. With respect to an additional amount of $6,900 that was withdrawn, we are unable from the evidence to hold that it was subsequently redeposited. The petitioner contends that the remainder of the $16,854.50 contended for, or $2,154.50, represents amounts withdrawn for accommodation loans and redeposited when repaid, amounts withdrawn by him personally or by getting others to cash his checks on his own account and which were redeposited, and a bad check. While the evidence shows that during the year the petitioner made some loans, and that others besides his bank cashed checks for him, we are unable to determine what part, if any, of the loans upon payment were redeposited or whether the proceeds from the checks were redeposited.

The respondent has allowed a deduction of $12,450 on account of amounts withdrawn and redeposited. The record is silent as to the various items composing this amount. Whether it includes all or any portion of the $7,800 that the evidence shows represented

amounts withdrawn and redeposited, we are not informed. Nor are we informed whether there was included all or any portion of the amounts of the $6,900 and $2,154.50 that we are unable to find represent money withdrawn and redeposited. In view of the record, the petitioner's contention for a reduction of any amount in excess of that allowed by the respondent must be denied.

In his petition the petitioner alleges that he was allowed a deduction of $2,097.10 for business expenses, whereas he is entitled to a deduction of $3,282.06, or an increase of $1,184.96. The petitioner alleges that of the increase, $709.75 represents expenditures for labor and $476.21 represents additional miscellaneous expense.

In his brief the petitioner contends that the expenditures for labor, clerk hire, etc., amounted to $720.21 and that the miscellaneous expenses totaled $856.81. In our findings of fact we have set out the items that we have been able to determine from the evidence had any connection with the petitioner's business. In our opinion, not all of the amounts shown for such items are allowable deductions in the taxable year, as, for example, the amounts expended for labor and lumber for putting in shelving at the new location or expenditures for fixtures and awnings. We do not deem it necessary, however, to enter into a detailed discussion of these or other items urged by the petitioner in support of his contention, for the reason hereinafter set out.

The respondent has allowed $2,097.10 as a deduction for business expenses. The record is silent as to the items and amounts entering into this deduction. Whether any or all of the items and amounts contended for by the petitioner are included, we do not know. Manifestly, if they have been included, they should not be deducted again. Unless we know what the respondent has allowed, we are not in a position to determine that the items and amounts contended for by the petitioner should be allowed in addition to what the respondent has already allowed. The petitioner's contention is, therefore, denied.

*Judgment will be entered for the respondent.*